UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                            CASE NO.: 00-6168-CR-FERGUSON

MARK COHEN,
                            Magistrate Judge Snow

    Defendant.
_____/

### DEFENDANT'S MOTION FOR REDUCTION OF BOND

COMES NOW the Defendant MARK COHEN by and through his undersigned counsel and moves this Court for the entry of an order reducing the $50,000 corporate surety as set in this case and as grounds therefore would state as follows:

1. That on or about June 20, 2000 the defendant along with six other individuals were indicted in Ft. Lauderdale on an alleged mortgage fraud scheme.

2. On June 21, 2000 a bond hearing was held before United States Magistrate Lurana S. Snow. Judge Snow denied the Government's request of $100,000 corporate surety bond and set a $50,000 corporate surety bond for the defendant.

3. Over the past three weeks the defendant has sought to satisfy the bond as set but has been unable.

4. That the Defendant is a 34 year old businessman who resided in South Florida for the past eight years at the time of his arrest and who has been in custody almost one month. The defendant has two teenage children that also reside in Broward County.

5. The Defendant's father, Haskell Cohen, a resident of New



York City is willing to post bond for the Defendant. However, the Defendant's father, a retired garment district worker, has very little cash on hand, lives on a fixed income, but he has his retirement pension monies that he would risk for his son's release. If the Defendant was to flee, he would leave his father's golden years penniless.

6. The Defendant and his family have discussed their respective financial positions and their respective statuses and are _not_ requesting solely a personal surety bond. This Defendant is _only_ requesting that this Court modify the $50,000 corporate surety bond in this case to a $50,000 ten (10%) percent bond.

7. Based on conversations with Haskell Cohen, the $5,000 would be garnered through credit card advances as he lives on a fixed income.

8. That the only solution so that the Defendant could have the opportunity to be released is for the Court to modify the bond as requested when combined with the state of the family's finances.

9. That the Eighth Amendment states that "excessive bail shall not be required". Bail becomes excessive when a court sets the amount of bail higher than reasonably necessary to ensure a defendant's appearance at trial. <u>Stack vs. Boyle</u>, 342 U.S. 1, 5 (1951), <u>United States vs. Rose</u>, 791 F.2d 1477 (11th Cir. 1986).

10. That by modifying the Defendant's bond to a 10% bond, the bond would become reachable for the Defendant's family and reasonably necessary to secure his appearance when combined with other conditions of release that this Court can set.

11. That the bond as now set, is tantamount to pretrial detention when combined with the Defendant's role in this offense, and therefore, this Court is obliged to set a more reasonable bond.

12. That on July 10, 2000 pursuant to Local Rule 88.9 the undersigned attempted to contact Assistant United States Lynn Rosenthal, however, Ms. Rosenthal was not in her office and a voice mail message was left regarding the nature of this motion and the relief to be sought.

WHEREFORE, the Defendant MARC COHEN respectfully requests that this Court enter an order modifying the bond from a $50,000.00 corporate surety bond to a $50,000 ten (10%) percent bond and allow each and every other condition to remain in full force and effect.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 10th day of July, 2000 to: LYNN ROSENTHAL, ESQUIRE, Assistant United States Attorney, 500 East Broward Boulevard, Suite #700, Ft. Lauderdale, Florida 33301.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Attorney for Defendant COHEN
Suite #328 - Southpark Centre
12651 South Dixie Highway
Miami, Florida 33156
Tel.: (305) 232-1949
Fax.: (305) 232-1963

By: PHILIP R. HOROWITZ, ESQUIRE
Florida Bar No. 466557

3