UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

`:l BY`
`:: JUL 31 PH 3:27`
`ULLRH L S. DIST. CT.`
`S.D. OF FLA.-FTL`

UNITED STATES OF AMERICA ) CASE NO.00-6168-CR-FERGUSON
) Magistrate Judge Snow
)
)
v. )
)
MARK COHEN, et al )
)
Defendant. ) **GOVERNMENT'S SECOND RESPONSE**
_____ ) **TO THE STANDING DISCOVERY ORDER**

The United States hereby files this second response to the Standing Discovery

Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal

Procedure 16, and is numbered to correspond with Local Rule 88.10.

    1. Attached are Informations and Plea agreements filed in related cases.

Respectfully submitted,

GUY A LEWIS
UNITED STATES ATTORNEY

By: _____
LYNN D. ROSENTHAL
Assistant United States Attorney
Florida Bar No. 343226
500 East Broward Blvd.
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255



## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 31 day of July, July 31, 2000 to: Phillip Horowitz,15651 South Dixie Highway, Suite 328, Miami, Florida 33156, Ted Crespi,1776 North Pine Island Road, Suite 218, Plantation, Florida 33322, Theodore Klein, 800 Brickell Ave., Penthouse 2, Miami, Florida 33131, Robert Josefsberg,800 City National Bank Building, 25 West Flagler Street, Miami, Florida 33130, John Howes, 633 Southeast 3rd Ave., Suite 4F, Fort Lauderdale, Florida 33301 David Joffe, 2900 Bridgeport Ave., Suite 401 Miami, Florida, 33133.

Lynn D. Rosenthal
Assistant United States Attorney

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.

ʳJUN 2 2 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

CASE NO. $\underline{00-6178-CR-Zloch}$

18 USC 1010
18 USC 2

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LEE GARBER,

        Defendant.

_____/

## INFORMATION

The United States Attorney charges:

From in or about March 1997, through in or about December 1997, at Broward and Dade Counties, in the Southern District of Florida and elsewhere, the defendant,

LEE GARBER,

for the purpose of obtaining loans from Aegis Mortgage Corporation, First Bankers Mortgage Services, New America Financial, Resource Bankshares Mortgage Group, and Corinthian Mortgage Corporation, with the intent that such loans would be offered to or accepted by the United States Department of Housing and Urban Development for insurance, did (1) make, pass, utter, and publish materially false statements, to wit: verification of employment forms and pay stubs, knowing the same to be false; and (2) utter, publish, and pass as true, Uniform Residential Loan Applications, gift funds verification letters and Internal Revenue

Forms W-2, knowing them to have been altered, forged, or counterfeited, in violation of Title

18, United States Code, Sections 1010 and 2.

GUY A. LEWIS
UNITED STATES ATTORNEY

LYNN D. ROSENTHAL
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA                CASE NO. _____

v.                                      **CERTIFICATE OF TRIAL ATTORNEY***

LEE GARBER_____              **Superseding Case Information:**

**Court Division:** (Select One)        New Defendant(s)        Yes ___    No ___
                                        Number of New Defendants    ___
___  Miami  ___ Key West                Total number of counts      ___
 X   FTL   ___ WPB ___ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:    (Yes or No) _NO_____
    List language and/or dialect  _____

4.  This case will take ___0___ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                                    (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | __X__ | Petty | ___ |
| II | 6 to 10 days | ___ | Minor | ___ |
| III | 11 to 20 days | ___ | Misdem. | ___ |
| IV | 21 to 60 days | ___ | Felony | __X__ |
| V | 61 days and over | ___ | | |

6.  Has this case been previously filed in this District Court? (Yes or No) _No_
    If yes:
    Judge: _____        Case No. _____
    (Attach copy of dispositive order)

Has a complaint been filed in this matter?(Yes or No) ____NO_____
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____        District of _____

Is this a potential death penalty case? (Yes or No) ____NO_____

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? _X_ Yes __ No    If yes, was it pending in the Central Region? _X_ Yes __ No

                                        LYNN D. ROSENTHAL
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Court Bar No. 343226

*Penalty Sheet(s) attached                                        REV.4/7/99

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: ___LEE GARBER_____    No.: _____

Count # I:
MAKING A FALSE STATEMENTS OF HUD; in violation of 18:1010_____

_____

*Max Penalty:  2 YEARS' AND $250,000 FINE_____

Count # :

_____

*Max Penalty:_____

Count # :

_____

*Max Penalty:_____

Count # :

_____•_____

_____

*Max Penalty:_____

Count #:

_____

_____

*Max Penalty:_____

Count #:

_____

_____

*Max Penalty:_____

*Refers only to possible term of incarceration, does not include possible fines, restitution, special
assessments, parole terms or forfeitures that may be applicable.

REV 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.

`JUN 2 2 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

CASE NO. _OO-488-CR-Lenard_

42 USC 408(a)(6)

UNITED STATES OF AMERICA, )
                          )
            Plaintiff,    )
                          )
v.                        )
                          )
MARIE LAFARGUE            )
a/k/a Marie Lafague       )
                          )
            Defendant.    )
_____)

## INFORMATION

The United States Attorney charges that:

On or about April 10, 1995, in Dade County, in the Southern District of Florida, and

elsewhere, the defendant,

MARIE LAFARGUE
a/k/a Marie Lafague,

did knowingly, willfully and with the intent to deceive the Commissioner of Social Security

as to her true identity, furnished and caused to be furnished false information to the

Commissioner of Social Security with respect to information required by the Commissioner

of Social Security as provided in section 405(c)(2) of Title 42, that is: the defendant stated

on her application for a Social Security Card that she was Marie Lafague, that her date of

birth was July 17, 1959, that her parents were Aline Charles and Leon Lafague, and that

she had not received a prior social security number, when in fact, and as the defendant

then and there well knew, she was Marie Lafargue, she was born on June 17, 1954, her parents were Fanny Lafargue and Paul Chavannes and she had applied for and received a prior social security number, in violation of Title 42, United States Code, Section 408(a)(6).

GUY A. LEWIS
UNITED STATES ATTORNEY

LYNN D. ROSENTHAL
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| v. | **CERTIFICATE OF TRIAL ATTORNEY\*** |

MARIE LAFARGUE _____

**Superseding Case Information:**

**Court Division:** (Select One)

X__ Miami ____ Key West
____ FTL ____ WPB ____ FTP

New Defendant(s)        Yes ____    No ____
Number of New Defendants    ____
Total number of counts        ____

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:        (Yes or No) NO _____
    List language and/or dialect _____

4.  This case will take ___0___ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                        (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | X____ | Petty | | ____ |
| II | 6 to 10 days | ____ | Minor | | ____ |
| III | 11 to 20 days | ____ | Misdem. | | ____ |
| IV | 21 to 60 days | ____ | Felony | | X____ |
| V | 61 days and over | ____ | | | |

6.  Has this case been previously filed in this District Court? (Yes or No) NO__
    If yes:
    Judge: _____        Case No. _____
    (Attach copy of dispositive order)

Has a complaint been filed in this matter?(Yes or No) NO_____
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____    District of _____

Is this a potential death penalty case? (Yes or No) ____NO_____

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? _X_ Yes __ No    If yes, was it pending in the Central Region? X_Yes __ No

LYNN D. ROSENTHAL
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 343226

\*Penalty Sheet(s) attached                                REV.4/7/99

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name:  MARIE LAFARGUE _____    No.:_____

**Count #:1**
Making a False Statement on an Application for a Social Security Card: _____

Title 42, United States Code, Section 408(a)(6) _____

*Max. Penalty: 5 Years' Imprisonment; and a $250,000, fine _____

Count #:

_____

_____

*Max. Penalty: _____

Count #:

_____

_____

*Max. Penalty: _____

Count #:

_____

_____

_____

Count #:

_____

_____

*Max. Penalty: _____

Count #:

_____

_____

*Max. Penalty: _____

1 of 1

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96

FILED by _____ B.C.

'JUN 2 2 20' ˙

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _OO-6176-CR-ZToch_

18 USC 1010
18 USC 2

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ANNETTE GONZALEZ,

       Defendant.

_____/

## INFORMATION

The United States Attorney charges:

Between on or about January 28, 1997 to on or about May 12, 1997, in Broward and Dade

Counties, in the Southern District of Florida, and elsewhere, the defendant,

### ANNETTE GONZALEZ,

for the purpose of obtaining loans from Aegis Mortgage Corporation, First Bankers Mortgage

Services, New America Financial, Resource Bankshares Mortgage Group, and Corinthian Mortgage

Corporation, with the intent that such loans would be offered to or accepted by the Department of

Housing and Urban Development for insurance, did utter, publish, and pass as true, title commitment

letters, knowing them to have been altered, forged or counterfeited, in violation of Title 18, United

States Code, Sections 1010 and 2.

GUY A. LEWIS
UNITED STATES ATTORNEY

LYNN D. ROSENTHAL
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ANNETTE GONZALEZ

CASE NO. _____

CERTIFICATE OF TRIAL ATTORNEY*

Superseding Case Information:

Court Division: (Select One)

___ Miami ___ Key West
_X_ FTL ___ WPB ___ FTP

New Defendant(s)          Yes ___    No ___
Number of New Defendants  ___
Total number of counts    ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No) __NO_____
   List language and/or dialect _____

4. This case will take ___0___ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                                    (Check only one)

   I    0 to 5 days        _X_        Petty       ___
   II   6 to 10 days       ___        Minor       ___
   III  11 to 20 days      ___        Misdem.     ___
   IV   21 to 60 days      ___        Felony      _X_
   V    61 days and over   ___

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter?(Yes or No) ___NO_____
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____    District of _____

   Is this a potential death penalty case? (Yes or No) ___NO_____

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? _X_ Yes ___ No    If yes, was it pending in the Central Region? _X_ Yes ___ No

                                   LYNN D. ROSENTHAL
                                   ASSISTANT UNITED STATES ATTORNEY
                                   Court Bar No. 343226

*Penalty Sheet(s) attached                                          REV.4/7/99

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: ___ANNETTE GONZALEZ___       No.: _____

Count # I:
MAKING A FALSE STATEMENTS OF HUD; in violation of 18:1010 _____

_____

*Max Penalty: 2 YEARS' AND $250,000 FINE _____

Count # :

*Max Penalty: _____

Count # :

*Max Penalty: _____

Count # :

                                .

*Max Penalty: _____

Count #:

*Max Penalty: _____

Count #:

_____

*Max Penalty: _____

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

REV. 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.

CASE NO. $00-6177-CR-$

18 USC 1010
18 USC 2 *Ferguson*

'JUN 2 2 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CRISTIE GALLUCCI,

      Defendant.

_____/

## INFORMATION

The United States Attorney charges:

      Between on or about January 28, 1997 and on or about October 15, 1997, in Broward and Dade Counties, in the Southern District of Florida, and elsewhere, the defendant,

## CRISTIE GALLUCCI,

for the purpose of obtaining loans from Aegis Mortgage Corporation, First Bankers Mortgage Services, New America Financial, Resource Bankshares Mortgage Group, and Corinthian Mortgage Corporation, with the intent that such loans would be offered to or accepted by the United States Department of Housing and Urban Development for insurance, did: (1) make, pass, utter, and publish materially false statements, to wit: pay stubs and Internal Revenue Forms W-2, knowing the same to be false; (2) alter, forge, counterfeit, gift funds verification letters and verification of employment forms; and (3) utter, publish, and pass as true, pay stubs, Internal Revenue Forms W-2,

verification letters and verification of employment forms knowing them to have been altered, forged,

or counterfeited, in violation of Title 18, United States Code, Sections 1010 and 2.

GUY A. LEWIS
UNITED STATES ATTORNEY

LYNN D. ROSENTHAL
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA                    CASE NO. _____

v.                                          **CERTIFICATE OF TRIAL ATTORNEY***

CHRISTIE GALLUCCI _____               **Superseding Case Information:**

**Court Division:** (Select One)            New Defendant(s)        Yes ___    No ___
                                            Number of New Defendants    ___
___ Miami  ___ Key West                     Total number of counts      ___
_X_ FTL    ___ WPB ___ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:        (Yes or No) _NO_____
    List language and/or dialect   _____

4.  This case will take ___0__ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                                    (Check only one)

    I     0 to 5 days        _X__       Petty        _____
    II    6 to 10 days       _____    Minor        _____
    III   11 to 20 days      _____    Misdem.      _____
    IV    21 to 60 days      _____    Felony       _X__
    V     61 days and over   _____

6.  Has this case been previously filed in this District Court? (Yes or No) _No_
    If yes:
    Judge: _____    Case No. _____
    (Attach copy of dispositive order)

    Has a complaint been filed in this matter?(Yes or No) ___NO_____
    If yes:
    Magistrate Case No. _____
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of_____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____    District of _____

    Is this a potential death penalty case? (Yes or No) ____NO_____

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? _X_ Yes __ No    If yes, was it pending in the Central Region? _X_ Yes __ No

                                            LYNN D. ROSENTHAL
                                            ASSISTANT UNITED STATES ATTORNEY
                                            Court Bar No. 343226

*Penalty Sheet(s) attached                                            REV.4/7/99

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name: ___CHRISTIE GALLUCCI_____    No.: _____

Count # I:
MAKING A FALSE STATEMENTS OF HUD; in violation of 18:1010 _____

_____

*Max Penalty:  2 YEARS' AND $250,000 FINE _____

Count # :

_____

*Max Penalty: _____

Count # :

_____

*Max Penalty: _____

Count # :

_____                  •_____

_____

*Max Penalty: _____

Count #:

_____

_____

*Max Penalty: _____

Count #:

_____

_____

*Max Penalty: _____

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

REV. 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                    CASE NO. $00-6177-CR-Ferg$.

-vs-                                                      PLEA AGREEMENT

CRISTIE GALLUCCI
              Defendant.
_____/

         The United States of America and Cristie Gallucci (hereinafter referred to as the "defendant")

enter into the following agreement:

         1. The defendant agrees to plead guilty to the information, which charges the defendant with

making false statements to the United States Department of Housing and Urban Development in

violation of Title 18, United States Code, Sections §1010 and 2.

         2. The defendant is aware that the sentence will be imposed in conformity with the Federal

Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), and that the

applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence

Investigation by the court's probation office, which investigation will commence after the guilty plea

has been entered. The defendant is also aware that, under certain circumstances, the court may depart

from the applicable guideline range and impose a sentence that is either more severe or less severe

than the guidelines range. Knowing these facts, the defendant understands and acknowledges that

the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to two (2) years, followed by a term of supervised release. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000 and shall order restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office) reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the court reduce by two or three levels, as applicable by law, the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's

recognition and affirmative and timely acceptance of personal responsibility. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the court. However, the United States will not be required to make these sentencing recommendations if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant agrees that she shall cooperate fully with this Office by:

(a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other court proceeding;

(b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and

(c) if requested by this Office, working in an undercover role to contact and negotiate with individuals suspected and believed to be involved in criminal misconduct under the supervision of, and in compliance with, law enforcement officers and agents

8. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation

is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from the sentence required by the Sentencing Guidelines, this Office may at or before sentencing make a motion pursuant to Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. §3553(e), or a Rule 35 motion subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending sentence reduction. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require this Office to file such a motion and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding on the defendant.

9. The defendant understands and acknowledges that the court is under no obligation to grant a government motion pursuant to Title 18, United States Code, Section 3553(e), 5K1.1 of the Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, as referred to in paragraph 8 of this agreement, should the government exercise its discretion to file such a motion.

10. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw her plea based upon the court's decision not to accept a sentencing

recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

11. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

GUY A. LEWIS
UNITED STATES ATTORNEY

Date: _7·31·00_                By: _____
                                   LYNN D. ROSENTHAL
                                   ASSISTANT UNITED STATES ATTORNEY

Date: _6-15-2000_              By: _____
                                   JIM LEWIS
                                   ATTORNEY FOR DEFENDANT

Date: _June 12, 2000_          By: _Cristie Gallucci_
                                   CRISTIE GALLUCCI
                                   DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                    CASE NO.

-vs-                                  PLEA AGREEMENT

KENNETH DUQUETTE

            Defendant.
_____/

The United States of America and Kenneth Duquette (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the information, which charges the defendant with making false statements to the United States Department of Housing and Urban Development in violation of Title 18, United States Code, Sections 1010 and 2.

2. The defendant is aware that the sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the applicable guideline range and impose a sentence that is either more severe or less severe than the guidelines range. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum

authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to two (2) years, followed by a term of supervised release. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000 and shall order restitution.

4. The defendant further understands and acknowledged that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office) reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the court reduce by two or three levels, as applicable by law, the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the court. However, the United States will not be required to make

these sentencing recommendations if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant agrees to plead guilty to the information, which charges the defendant with making false statements to the United States Department of Housing and Urban Development in violation of Title 18, United States Code, Sections 1010 and 2. The defendant agrees and understands that the above charges involve his conduct, and the conduct of others, between on or about January 28, 1997 and May 12, 1997, in obtaining 17 loans that would be offered to or accepted by the United States Department of Housing and Urban Development for insurance by providing materially false statements, to wit: false HUD 1 Settlement Statements, false termite reports, and false title commitment letters. This agreement resolves the defendant's federal criminal liability in the Southern District of Florida growing out of the criminal conduct by the defendant known to the United States Attorney's Office for the Southern District of Florida as it pertains to the allegations in the Information, including the above-described scheme. This agreement does not include any conduct on the part of the defendant that is either a crime of violence or a Title 26 charge.

8. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

    a. Loss: That the relevant amount of actual, probable or intended loss
under Section 2F1.1(b)(1) of the Sentencing Guidelines resulting from the offense
committed in this case is more than $200,000, but less than $350,000.

8. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. §3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. The defendant understands that, although he will be sentenced in conformity with the Sentencing Guidelines, by this agreement defendant waives the right to appeal the sentence on the basis that the sentence is the result of an incorrect application of the Sentence Guidelines.

9. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing

recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

10. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

GUY A. LEWIS
UNITED STATES ATTORNEY

Date: _7·3/·0 0_  By: _____
LYNN D. ROSENTHAL
ASSISTANT UNITED STATES ATTORNEY

Date: _6-/6·co_  By: _____
JACK FLEISCHMAN  Fleischman + Fleischman, P.A.
ATTORNEY FOR DEFENDANT

Date: _6-/6·coo_  By: _____
KENNETH DUQUETTE
DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. $\underline{00-6179-CR-}$ _____
18 USC 1010
18 USC 2

FILED by _____ D.C.

JUN 2 2 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA,

Plaintiff,

v.

KENNETH DUQUETTE,

Defendant.

_____/

## INFORMATION

The United States Attorney charges:

Between on or about January 28, 1997 to on or about May 12, 1997, in Broward and Dade

Counties, in the Southern District of Florida, and elsewhere, the defendant,

## KENNETH DUQUETTE,

for the purpose of obtaining loans from Aegis Mortgage Corporation, First Bankers Mortgage

Services, New America Financial, Resource Bankshares Mortgage Group and Corinthian Mortgage

Corporation, with the intent that such loans would be offered to or accepted by the United States

Department of Housing and Urban Development for insurance, did: (1) make, pass, utter, and publish

materially false statements, to wit: HUD-1 Settlement Statements, knowing the same to be false; and

(2) utter, publish, and pass as true, title commitment letters and termite reports, knowing the same

to have been altered, forged, and counterfeited, in violation of Title 18, United States Code, Sections

1010 and 2.

GUY A. LEWIS
UNITED STATES ATTORNEY

LYNN D. ROSENTHAL
ASSISTANT UNITED STATES ATTORNEY