UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                            CASE NO.: 00-6168-CR-FERGUSON

MARK COHEN,

                                  Magistrate Judge Snow

    Defendant.
_____/

## DEFENDANT'S OBJECTIONS TO THE PSI

COMES NOW the Defendant MARK COHEN by and through his undersigned counsel and pursuant to Administrative Orders 95-02 and 90-26 and U.S.S.G. §6A1.3 and hereby files these, his objections to the Presentence Investigation Report (hereinafter "PSI") and as grounds therefore would state as follows:

1. That on September 20, 2001, this Defendant pled guilty to Count I of the indictment which generally charged him with conspiracy to commit various federal offenses including mail and wire fraud and making false statements to HUD in violation of 18 U.S.C. §371.

2. That currently, sentencing is set in this matter for **Friday, December 7, 2001** at 10:00 a.m. in Ft. Lauderdale.

3. The defendant's following objections to the PSI are of a factual nature only and he would respectfully recommend that the following changes be made:

    a) Page 2 regarding the codefendants status should be updated to include the recent guilty verdict returned in this court by a jury against Bruce Hollander.

1

LAW OFFICES OF PHILIP R. HOROWITZ
TWO DATRAN CENTER • SUITE 1910 • 9130 SOUTH DADELAND BOULEVARD • MIAMI, FLORIDA 33156 • (305) 232-1949 • FAX: (305) 232-1963

Pursuant to agreement with the government, the defendant testified as a government witness in this jury trial.

b) The defendant would object to ¶73 of the PSI wherein the probation officer states "the defendant does not believe that he has a drug problem." It is the position of the defendant that though he does not have an addiction, he does have a drug problem. The dug history of the defendant clearly shows that in times of stress he does return to drug usage. However, unlike an addict, he can go for periods of time without usage specifically in stress-free times.

As further outlined in ¶67 of the PSI, the defendant has had a fairly recent drug induced hospitalization due to cocaine usage. This occurred during a time of great stress. Unfortunately for the defendant, due to the actions that pled guilty to another period of great stress is upon him due to pending incarceration. The defendant is aware of this and is also aware that he has a drug problem. This needs to be addressed both by the Court and ultimately by the Bureau of Prisons. Therefore, the defendant respectfully requests that this paragraph be amended as requested.

c) The defendant would request that ¶78 of the PSI be modified to reflect his original date of incarceration be October 26 and not November 2, 2000. The defendant was arrested on October 26 in Broward County on the Dade County probation violation warrant. He was held in the Broward County Jail until November 2 when he was transferred to Miami.

d) The defendant would request that paragraphs 79, 81 and 82 be swapped and modified. His work at American Debt Consolidation was from September 1 or 2 until

2

his arrested for the state charge on October 26, 2000. During that seven-week period, he earned approximately $3,500.

¶81 should read that from April 15 to June 21, 2000, the defendant survived off the inheritance that he received from his aunt. On June 21, 2000, he was arrested on this case and the remaining $5,000 was used to secure his release.

¶82 should read that from April 1 to April 15, 2000 the defendant was incarcerated for a violation of probation.

4. Finally, the defendant would request that ¶110 be amended in that he should be eligible for another type of departure under §4A1.3 of the guidelines. In ¶55-57 of the PSI the probation officer analyzes the Defendant as having a criminal history category of III based on five (5) criminal history points. While the Defendant does not argue or dispute the probation officer's calculations or assessment of the five points, it is the position of the Defendant that he is entitled to a downward departure under §4A1.3 of the guidelines in that the Defendant's criminal history category overstates the seriousness of his prior contacts with the criminal justice system. The defendant finds himself in the unenviable position of having a high criminal history category though despite the jail time in the case being imposed due to the defendant's failure to perform all the community service required during the applicable time frame. In the defendant's state case, he completed all terms of probation including, the crucial restitution in a timely fashion.

On April 27, 2000, the defendant was given a period to complete his community service. During the next six weeks, the defendant completed more than

3

LAW OFFICES OF PHILIP R. HOROWITZ
TWO DATRAN CENTER • SUITE 1910 • 9130 SOUTH DADELAND BOULEVARD • MIAMI, FLORIDA 33156 • (305) 232-1949 • FAX: (305) 232-1963

half of the required hours. Unfortunately, he was arrested on June 20 in this case and remained in jail for almost two months. Unable to complete the community service within the time allotted, he was violated and sentenced to sixty (60) days in the county jail. This is the bare minimum amount of jail time for the two point allocation by the probation officer in ¶53 of the PSI.

Under §4A1.3 the Court may downwardly depart "where (it) concludes that a Defendant's criminal history significantly over represents the seriousness of a Defendant's criminal history or the likelihood that the Defendant will commit further crimes."

In this Circuit, the court has held that even a career criminal may be granted relief in the form of a downward departure under §4A1.3 regardless of status. United States vs. Webb, 139 F.3d 1390, 1395 (11th Cir. 1998); United States vs. Shoupe, 35 F.3d 835, 839 (3rd Cir. 1994)

While the objection does not want to diminish the seriousness of his prior contacts with the criminal justice system, this court should slightly depart downward one criminal history category. It is the position of the defendant that though his prior state cannot be ignored, he is being given the equivalent of four criminal history points for that contact. See ¶53 and 56 of the PSI. As a result, it is the position of the defendant that his criminal history would be better addressed in a Criminal History Category of II and not III.

WHEREFORE, the Defendant MARK COHEN respectfully requests that this Court enter an order sustaining his objections to the PSI.

LAW OFFICES OF PHILIP R. HOROWITZ
TWO DATRAN CENTER • SUITE 1910 • 9130 SOUTH DADELAND BOULEVARD • MIAMI, FLORIDA 33156 • (305) 232-1949 • FAX: (305) 232-1963

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 23rd day of November 2001 to: JEFFREY KAPLAN, ESQUIRE, Assistant United States Attorney, 500 East Broward Boulevard, Suite #700, Ft. Lauderdale, Florida 33301 and to MS. TRACEY L. WEBB, United States Probation Officer, 299 East Broward Boulevard, Room 409, Ft. Lauderdale, Florida 33301.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Attorney for Defendant COHEN
Suite #328 - Southpark Centre
12651 South Dixie Highway
Miami, Florida 33156
Tel.: (305) 232-1949
Fax.: (305) 232-1963

By: PHILIP R. HOROWITZ, ESQUIRE
Florida Bar No.: 466557